RUFUS BOOYE, DEFENDANT IN ERROR, v. FRANK MUTH, PLAINTIFF IN ERROR.

Argued March 10, 1903—Decided July 20, 1903.

1. Where a matter in dispute between parties is submitted by them to arbitration, and their submission is made a rule of court, in accordance with the statute, the court will not, on an application to set aside the arbitrators' award, review the evidence submitted to them for the purpose of determining the correctness of their conclusion. In the absence of corruption or partiality in the arbitrators, or fraud practiced by one of the parties to the arbitration, the award is final as to the facts.

2. The only proper method by which an arbitration award, which has been made a rule of court, can be enforced is by proceedings taken to punish the party who refuses to perform the same, as for a contempt of court.

3. A writ of *fieri facias*, sued out for the purpose of enforcing such an award, will be quashed upon application made for that purpose.

On error to the Atlantic Circuit Court.

For the plaintiff in error, *John J. Crandall.*

For the defendant in error, *Thompson & Cole.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. In this case the parties submitted matters in dispute between them to arbitrators for settlement, and, by their agreement, their submission was made a rule of court, in accordance with the statute. The arbitrators having made their award, Muth, the plaintiff in error, moved the Circuit Court to set it aside for certain reasons, which he then specified. The court, on the hearing of the application, considering that none of the reasons assigned were meritorious, denied the motion and confirmed the award. The rule entered pursuant to this adjudication is brought here for review.

The first ground upon which the validity of the award is attacked is that it was not made until the 20th day of August, 1902, whereas, by the terms of the agreement of submission, the arbitrators were required to render it on or before the 19th day of April of that year. An examination of the agreement shows that it was signed by the parties on the 14th day of April, 1902, and that, after providing that the award of the arbitrators should be ready to be delivered to the parties on *or before* the 19th day of April, it fixed the first meeting of the arbitrators for April 19th, and authorized them, if necessary, to meet at such subsequent times as they should appoint. That the arbitrators met on the day fixed by the agreement for their first meeting is shown by the fact that the jurat to the oath which they took bears that date. Why they did not make their award on that date is immaterial. Having power to adjourn, after their first meeting, from time to time, as they deemed necessary, the fact that they exercised this power affords no ground of complaint to either of the parties.

It is further contended on behalf of the plaintiff in error that the award is not within the terms of the submission. The agreement to arbitrate, after reciting that differences had arisen as to the amount due and owing by the plaintiff in error to the defendant in error for work done and material furnished in and upon the tenements known as Boscobel, Nos. 125, 127 and 129 South Kentucky avenue, and upon No. 132 South St. James place, and upon No. 18 South Kentucky avenue, and upon the Catholic parsonage, Nos. 1417 and 1419 Pacific avenue (all in Atlantic City); proceeds as follows: "The parties do submit the amount which first party (the plaintiff in error) shall pay to second party (defendant in error) for his work done and materials furnished upon the aforesaid premises for the first party, as well as all matters in difference between them concerning the properties aforesaid, to an award and final determination," &c. The award of the arbitrators is that "there is due to the said Rufus Booye from said Frank Muth, for work done and materials

furnished to and for the use of said Frank Muth on the Boscobel, the sum of $1,788.84; and for work done and materials furnished at 132 South St. James place, the sum of $336.83; and for work done and materials furnished on the premises 18 South Kentucky avenue, $344.72; and for work done and materials furnished on the Catholic parsonage, the sum of $709.08; in all, the sum of $3,178.47." The award then goes on to declare that the said Frank Muth shall pay this sum to the said Rufus Booye, and that the same shall be "in full discharge and satisfaction only of the demands by either of said parties against the other, respectively, respecting a claim for work done and materials furnished by the said Booye to the said Muth in and for the premises described in this award." On its face the award is plainly within the four corners of the agreement. It is contended, however, that the conclusion reached by the arbitrators is not justified by the evidence submitted to them. But, in the absence of corruption or partiality in the arbitrators, or fraud practiced by one of the parties to the arbitration, the award is final as to the facts; and this court will not review the testimony for the purpose of determining whether the conclusion of the arbitrators thereon is right or wrong. *Bell* v. *Price,* 2 *Zab.* 578. To review the case on the merits would be to turn this proceeding into an appeal from the judgment of the arbitrators.

Another assignment of error is that the Circuit Court illegally permitted execution to be issued against the property of the plaintiff in error for the collection of the moneys found due from him to the defendant in error by the arbitrators. But this matter is not before us for determination. The writ of error issued out of this court brings here nothing but the record, evidence and proceedings on the rule to show cause. This clearly appears from an inspection of the writ itself. After reciting that "in the record and proceedings, and in giving judgment *upon the rule to show cause why the award of arbitration should not be set aside,* manifest error has intervened," the writ commands the Circuit Court to "send

the record, evidence on the rule considered and proceedings *aforesaid,* with all things touching the *same,* to our Court of Errors and Appeals," &c. The execution, which, although not called for by, was returned with, the writ of error, shows on its face that it is no part of the proceedings had on the rule to show cause, but was issued for the enforcement of the award itself. For this reason the assignment of error must fall.

We deem it proper, however, as the question was argued somewhat at length before this court, to add that the only proper method by which an arbitration award, which has been made a rule of court, can be enforced, is that pointed out by the statute, namely, by proceedings taken to punish the party who refuses to perform the same as for a contempt of court. *Gen. Stat., p.* 69, § 1. A writ of *fieri facias* sued out for that purpose will be quashed, on motion, by the court out of which it purports to be issued.

Other errors have been assigned, but, as they set out matters which were not presented to the Circuit Court as grounds for setting aside the award of arbitrators, they cannot be considered here. The rule is entirely settled that, in a court of review, a party shall not be heard upon a matter not raised and considered in the court below. *Trent Tile Co. v. Fort Dearborn National Bank,* 25 *Vroom* 599.

The proceedings under review should be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Van Syckel, Dixon, Garrison, Fort, Garretson, Pitney, Swayze, Vredenburgh, Vroom, Green. 12.

*For reversal*—None.